IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-00786-O-BP |
| | § | |
| LVNV FUNDING, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion for Entry of Default (ECF No. 24) that Plaintiff Charles Harris filed on November 5, 2025 and Response (ECF No. 26) that LVNV Funding filed on November 5, 2025. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DENY** the Motion for Entry of Default (ECF No. 24).

**I.     BACKGROUND**

This is a consumer credit case. On October 3, 2025, Harris filed a Motion for Leave to File his Amended Complaint (ECF No. 18), which the Court granted on October 15, 2025. ECF No. 22. The Court also ordered LVNV Funding to file its response to the Amended Complaint by October 29, 2025. *Id.*

**II.    LEGAL STANDARD**

   A.    **Entry of default**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. A default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.

1996); *see also* Fed. R. Civ. P. 55(a) (noting default occurs where the defendant "has failed to plead or otherwise defend" against the complaint).

The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir. 1998). Although the Fifth Circuit does not favor default and default judgments, this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process . . . within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers*, 167 F.3d at 936). But default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *see also Shipco*, 814 F.2d at 1014 (calling default judgments "draconian").

## III.  ANALYSIS

Here, entry of default is not appropriate. While LVNV Funding did not respond to Harris' amended complaint by the October 29, 2025 deadline, it filed its response six days later and explained the delay was inadvertent and not the result of negligence or conscious disregard. ECF No. 26. Because LVNV Funding provided good cause for the delay and Harris will suffer no harm or prejudice because of the delay, entry of default would not be appropriate under these circumstances.

## IV.  CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DENY** Harris' Motion for Entry of Default (ECF No. 24).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on January 7, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE